The Honorable Armil O. Curran State Representative 210 West Main Street Clarksville, Arkansas 72830-3019
Dear Representative Curran:
This is in response to your request for an opinion on "the proper procedure to be followed in selecting a new mayor" in a second class city after the resignation of the incumbent mayor.
The procedure is addressed at A.C.A. § 14-44-106 (1987), which provides that:
 Whenever a vacancy shall occur in the office of mayor in any city of the second class, at the first regular meeting after the occurrence of the vacancy, the city council shall proceed to either elect, by a majority vote of the aldermen, a mayor to serve the unexpired term or call for a special election to be held within thirty (30) days to fill the vacancy. At this election, a mayor shall be elected to fill out the unexpired term.
The city council thus has the option of either appointing a new mayor to serve the unexpired term, or calling a special election "to be held within 30 days." It is my understanding that your question, however, inquires as to the exact procedure to be used in calling and holding a special election. The exact procedure to be used in this regard is not set out in any one statute in the Arkansas Code, but must be gleaned from a review of the election statutes as a whole.
As an initial matter, it should be noted that this office has previously concluded that the thirty day deadline mentioned above in A.C.A. §14-44-106 is not controlling. In Op. Att'y Gen. 95-103 (copy enclosed), I concluded that because this thirty day time limit conflicted with the sixty days notice required by A.C.A. § 14-42-203, and that because A.C.A. § 14-42-203 was the latter enacted statute, sixty days notice must be given of municipal special elections to fill a vacancy in the office of mayor. In passing an ordinance calling a special election to fill this vacancy, the council must set the election date at least sixty days from the date of the ordinance. Section 14-42-203 provides in full that:
 (a) Special elections of mayors of cities of the first and second class shall be held at such time and place as the council shall direct, so that at least sixty (60) days notice thereof shall be given.
 (b) In all cities there shall be a place appointed in each ward for holding elections, except in cities of the second class electing their aldermen citywide, where there may be one (1) public place only for holding elections.
 (c) Any person who, at the time of the election of municipal officers, is a qualified elector and registered to vote in the city precinct where he resides shall be deemed a qualified elector.
 (d) All elections shall be held and conducted in the manner prescribed by law for holding state and county elections, so far as the laws may be applicable. [Emphasis added.]
Other practical constraints found in the statutes dictate, at least to some degree, the procedures and time deadlines which may be set. For example, in the ordinance calling the special election, a deadline for filing as a candidate for the special election must be established. This deadline must be set to give sufficient time to print ballots which must be mailed to absentee voters. Arkansas Code Annotated § 7-5-403(b)(2) requires the county clerk to mail absentee ballots to voters who have requested them no later than twenty-five days prior to each election. The deadline to file as a candidate will have to be set far enough in advance of this twenty-five day deadline for the ballots to be printed and made ready for shipment to absentee voters.
The statutes above do not specifically address the actual procedure for filing as a candidate, or give any other guidance as to how the election is to be undertaken. It appears that the only applicable statute in this regard is A.C.A. § 14-42-206 (Supp. 1995), which applies to cities with the mayor/council form of government and sets out the procedure for nonpartisan municipal candidates to collect signatures on petitions of nomination and file the petitions with the county board of election commissioners.[1] Subsection (d) of the this statute provides that: "Special elections for mayors in cities of the first class and other special elections of officials required by law in cities and towns shall use the procedure in this section." I concluded in Op. Att'y Gen.95-103, in a footnote, based upon the language above, that this statute had no applicability to special elections for mayors in cities of the second class. Id. fn. 1. Subsection (d) above specifically mentions special elections for mayors in first class cities, and then includes "other" special elections in cities and towns. Although I concluded in Op. 95-103 that this language had no applicability to special elections for mayors of second class cities, it appears that this language may be ambiguous as to which officials are included within its ambit. It appears, additionally, that there is no other applicable specific statute setting out the filing requirements or procedure for a special election to fill a vacancy in the office of mayor of a second class city. A question may arise therefore, as to whether the procedure set out in A.C.A. § 14-42-206, which, absent a resolution requesting municipal primaries, requires nonpartisan elections based upon nominating petitions, should be applied to the situation you describe. Because I have found no other specific statutes governing the question, or requiring a special primary election to fill this vacancy, it appears possible that the legislature intended that the procedure in A.C.A. § 14-42-206 should be utilized for the special election at issue. I cannot conclude, based upon the language of A.C.A. § 14-42-206(d) above, or A.C.A. §14-42-203(d), that the legislature intended for a city of the second class to hold a special primary election in all cases to fill such vacancies. Consultation on this question should be had with the Secretary of State's office and perhaps legislative clarification is indicated.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Municipal primary elections may be held only if the council has passed a resolution by January 1 of the election year requesting the county party committees to conduct primaries.